**TRAVELERS INDEMNITY CO v
BENKERT et**

Ohio Appeals, 2nd Dist, Miami Co

No 296.   Decided Dec 27, 1932

Berry & McCulloch, Piqua, for plaintiff in error.

A. W. DeWeese, Piqua, for defendant in error.

BY THE COURT

Various errors are assigned in the petition in error. We do not find it necessary, in view of the conclusion at which we have arrived, to discuss a number of these grounds of error.

At the hearing of the case in this court, counsel for plaintiff in error made a verbal motion for a diminution of the record so as to have the record presented for review conform with the proceedings had during the trial. In view of the conclusion at which we have arrived after a study of the record and the briefs of counsel, we do not deem it necessary to discuss or pass upon this motion.

This motion was directed principally to having the record show certain special charges which were requested by counsel for plaintiff in error to be given in advance of the argument.

The record at page 21 does show the following:

"Mr. McCulloch requests type-written Special Instructions be given before arguments of counsel, not as a series but individually. Court admits Instruction No. 1, but denies Instruction No. 2."

The record does not affirmatively show when the arguments of counsel to the jury occurred, but we assume from the subsequent statement of the trial court that the arguments were had after the special instructions were requested.

Immediately following the above request is the following:

"HON. J. HARRISON SMITH, JUDGE:
The defendant asks for special instruction which is usually given before argument of counsel, which they have a right to ask and if the Court thinks it proper, they are granted. There is one instruction they ask for which the Court granted, which should have been read before the arguments so I'll read it to you now."

Special request No. 1 was then read to the jury as forming part of the general charge of the court.

Special instruction No. 2 was not given.

This instruction is not included in the bill of exceptions. We cannot state therefore whether the same was properly or improperly refused.

Counsel for plaintiff in error have stated to the court the contents of special instruction No. 2.

We also find among the files of the case what purports to be the originals of Special Instruction No. 2 as well as Special Instruction No. 1, which was given. Special Instruction No. 2, however, is not properly before us for review. If instruction No. 2, as found among the files of the papers in the case, is the charge that was presented to the trial court then it should have been given as it contains a correct statement of law. Not a mere statement of fact as suggested by counsel for defendants in error but a statement of the law based upon certain facts. The giving of Special Instruction No. 1 by the trial court as part of his general charge after the argument of counsel constitutes error. This rule is so well settled in Ohio that it is scarcely necessary to cite authorities but in the **114 Oh St, 303** the first paragraph of the syllabus is as follows:

"The provisions of §11447, GC, respecting giving instructions to the jury before argument in civil cases, are mandatory."

In brief, defendants in error in their amended petition in the Municipal Court sought to recover upon a policy of insurance upon a safe which had been burglarized and seriously damaged. The plaintiff in error admits the issuing of the policy on the safe in question and among various defenses pleads that the said contract of insurance provides that the defendant shall not be liable for more than the actual cash

value of the stolen or damaged property at the time of the loss or damage, nor for more than the actual cost of repairing or replacing such property; that the said policy further provided that the defendant may repair any damage or replace any lost or damaged property with property of like quality and value or pay for the same in money, as the defendant may elect.

The policy in question was introduced in evidence and the provision above referred to is as follows:

## "G. PAYMENT OF LOSS

In no case shall the Company be liable for more than the actual cash value of the stolen or damaged property at the time of loss or damage, nor for more than the actual cost of repairing or replacing such property, nor for more than the amount advanced or loaned plus accrued interest at legal rates, on merchandise held by the assured as a pledge or as collateral for an advance or a loan. The company may repair any damage or replace any stolen or damaged property with property of like quality and value or pay for the same in money, as the company may elect."

We have read the record and considered the exhibits in this case with care and without attempting to quote in detail from the record with which counsel are thoroughly familiar, we are of opinion that the verdict is clearly against the manifest weight of the evidence. Under the terms of the policy upon which this suit is brought as well as the charge of the trial court the jury was not warranted in returning the verdict which it did. When this safe was damaged by burglars, defendants in error seemed to be under the impression that they were authorized to go out and buy a new safe of their own choosing, design and price and that the Insurance Company would re required to pay for the safe so purchased by them. There is nothing in the policy of insurance which authorized them so to do. They did not buy that form of insurance. The policy of insurance sued upon clearly defines their rights as well as the liability of the insurance company. This policy limits their rights as above quoted, to the recovery of the actual cash value of the property so damaged or the cost of repairing and replacing such property. The charge of the trial court on page 29 stated to the jury as follows:

"Mr. Benkert could not come in and ask a greater amount or for a new safe, he couldn't do that. All he can do is to ask you a fair monetary consideration and fair value of the property destroyed outside of the amount of the merchandise destroyed which you will take into consideration."

The special instruction given by the trial court at the commencement of his charge was as follows:

"The court instructs the jury that actual cash value in the policy of insurance sued upon means the fair or reasonable cash price for which the property can be bought or sold on the market."

The defendants in error offered no testimony showing or tending to show the actual cash value of this property at the time of the burglary, nor the cost of replacing a safe of like value. The defendants in error contented themselves with showing that the safe after it was damaged by the burglars was of no value. The question for determination is not the value of the safe after it had been burglarized but the fair market value of the safe immediately prior thereto. The testimony of plaintiff in error is that this safe could have been repaired and guaranteed to be in as good condition as before the burglary for the sum of $60.00. On pages 11 and 13 the testimony is that a safe similar to the one so insured could be replaced and installed for the sum of $150.00. There is no testimony in the record which warranted some of the special findings of fact which were returned by the jury. The most favorable verdict that, under the testimony, could have been returned in favor of defendants in error would be the sum of $150.00 plus $13.87, the admitted value of certain personal property destroyed. If, therefore, the defendants in error desire to remit and accept $150.00 plus $13.87 the value of the personal property destroyed plus interest on such sums from the date of the burglary, then the judgment will be affirmed; otherwise the same will be reversed as being clearly against the manifest weight of the testimony and cause remanded for a new trial.

Each of the parties to pay half the costs for the reason that plaintiffs in error offered to pay this sum prior to the bringing of this suit.

In view of our conclusion as above announced it is unimportant to pass upon the motion for a diminution of the record or various other questions which are suggested. Judgment reversed.

ALLREAD, PJ, HORNBECK and KUNKLE, JJ, concur.